**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KATHARINA ROELCKE,

                            Plaintiff,

         -against-

ZIP AVIATION, LLC, MANHATTAN
HELICOPTERS LLC, and ITAI SHOSHANI,
individually,

                      Defendants.

*ORAL ARGUMENT REQUESTED*

Case No. 15-cv-06284-DAB

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
# THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

ZUCKERMAN SPAEDER LLP
Shawn P. Naunton
Ramya Kasturi
399 Park Avenue, 14th Floor
New York, New York 10022

5186387.1

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND ................................................................................................... 3

    Plaintiff's Alleged Employment With Zip And MH…………………………………………..3

    Plaintiff's Personal Relationship With Mr. Shoshani…………………………………………5

    Allegations Added To The Second Amended Complaint…………………………………..6

ARGUMENT ............................................................................................................................ 7

  I.       THE LEGAL STANDARDS GOVERNING THIS MOTION TO DISMISS. .......... 7

  II.     PLAINTIFF FAILS TO STATE A CLAIM UNDER THE NYSHRL AND
         NYCHRL (CLAIMS I -- VIII). ................................................................................. 8

      A.   Plaintiff Fails To State A Claim For Gender-Based Discrimination Under
           The NYSHRL Or The NYCHRL (Claims I, IV, and VIII). .................................. 8

      B.   Plaintiff's Retaliation Claims Do Not Satisfy
           Notice Pleading Requirements (Claims III and V). ............................................... 10

      C.   Plaintiff Fails To State A Claim For Aiding And Abetting
           Under The NYSHRL Or The NYCHRL (Claims II and VI)............................... 12

      D.   Plaintiff Fails To Allege Any Facts Relevant To Her
           Claim For Interference With Protected Rights (Claim VII). ............................... 12

  III.    VIRTUALLY ALL OF PLAINTIFF'S ALLEGATIONS OF ASSAULT
         AND/OR BATTERY ARE UNTIMELY AND THERE IS NO CAUSE OF
         ACTION UNDER N.Y. C.P.L.R. § 213-C (CLAIMS IX AND XV)...................... 13

  IV.    PLAINTIFF'S BREACH OF CONTRACT CLAIM MUST BE DISMISSED
         (CLAIM X). .............................................................................................................. 15

  V.     PLAINTIFF'S CLAIMS FOR QUANTUM MERUIT AND UNJUST
         ENRICHMENT MUST BE DISMISSED (CLAIMS XI AND XII). ...................... 16

  VI.    PLAINTIFF'S CLAIMS FOR PROMISSORY ESTOPPEL CLAIM MUST BE
         DISMISSED (CLAIM XIII). .................................................................................... 18

  VII.   PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL
         DISTRESS IS TIME-BARRED AND DUPLICATIVE OF HER CLAIMS FOR
         ASSAULT AND BATTERY (CLAIM XIV). ......................................................... 20

  VIII.  PLAINTIFF FAILS TO STATE A CLAIM UNDER VICTIMS OF GENDER
         MOTIVATED VIOLENCE PROTECTION ACT (CLAIM XVI). ...................... 21

  IX.    PLAINTIF'S CLAIMS UNDER THE FLSA AND NEW YORK STATE
         MINIMUM WAGE LAWS ARE LARGELY TIME-BARRED AND FAIL TO
         STATE A CLAIM (CLAIMS XVII AND XVIII). ................................................. 22

  X.     PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD (CLAIM XIX)...………23

CONCLUSION ...................................................................................................................... 25

5186387.1

## TABLE OF AUTHORITIES

**CASES**                                                        **PAGE NO(S).**

*Adams v. Jenkins*,
No. 115745/03, 2005 WL 6584554 (N.Y. Sup. Ct. New York Cnty. Apr. 22, 2005).......... 22

*American-European Art Associates, Inc. v. Trend Galleries, Inc.*,
641 N.Y.S.2d 835 (N.Y. App. Div. 1996)............................................................... 18

*Argeropoulos v. Exide Technologies*,
No. 08-CV-3760 (JS), 2009 WL 2132443 (E.D.N.Y. July 8, 2009) ........................... 3, 5, 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................ 3, 7

*Bell Atlantic Corporation v. Twombly*,
550 U.S. 544 (2007)........................................................................................*passim*

*Brown v. Daikin America Inc.*,
756 F.3d 219 (2d Cir. 2014) ................................................................... 7, 11, 16

*Coleman v. Wells Fargo & Co.*,
4 N.Y.S.3d 93 (N.Y. App. Div. 2015) .................................................................. 24

*Cordero v. Epstein*,
869 N.Y.S.2d 725 (N.Y. Sup. Ct. New York Cnty. Oct. 10, 2008)...................... 22

*Dalton v. Union Bank of Switzerland*,
520 N.Y.S.2d 764 (N.Y. App. Div. 1987)............................................................ 19

*DBT GMBH v. J.L. Mining Co.*,
544 F. Supp. 2d 364 (S.D.N.Y. 2008) ................................................................ 15

*Dougherty v. Weinert*,
809 N.Y.S.2d 758 (N.Y. App. Div. 2005) .......................................................... 13

*Elliot v. Qwest Communications Corporation*,
808 N.Y.S.2d 443 (N.Y. App. Div. 2006) .......................................................... 16

*Fischer v. Maloney*,
43 N.Y.2d 553 (1978) ........................................................................................ 20

*FNF Touring LLC v. Transform Am. Corp.*,
974 N.Y.S.2d 367 (N.Y. App. Div. 2013) .................................................... 23, 24

*Foley v. Mobil Chemical Co.*,
N.Y.S.2d 906 (N.Y. App. Div. 1995) ................................................................. 20

*Forrest v. Jewish Guild for the Blind*,
3 N.Y.3d 295 (2004)............................................................................................ 9

*Galvin v. Francis*,
No. 5594/00, 009, 2003 WL 21696740 (N.Y. Sup. Ct. Richmond Cnty. May 29, 2003)..... 13

*German v. Pope John Paul, II,*
    621 N.Y.S.2d 311 (N.Y. App. Div. 1995) ........................................................ 16

*Hahn Automotive Warehouse, Inc. v. American Zurich Ins. Co.,*
    18 N.Y.3d 765 (2012) ....................................................................................... 15

*Harris v. Forklift System., Inc.,*
    510 U.S. 17 (1993) .............................................................................................. 9

*Hunt v. Enzo Biochem, Inc.,*
    530 F. Supp. 2d 580 (S.D.N.Y. 2008) ............................................................. 24

*Kotler v. Charming Shoppes Inc.,*
    No. 11 Civ. 3296(SAS), 2012 WL 291512 (S.D.N.Y. Jan. 31, 2012) ........... 18-19

*Krause v. Lancer & Loader Group, LLC,*
    965 N.Y.S.2d 312 (N.Y. Sup. Ct. May 1, 2013) .............................................. 12

*Leonard v. Reinhardt,*
    799 N.Y.S.2d 118 (N.Y. App. Div. 2005) ........................................................ 21

*Lettis v. U.S. Postal Service,*
    39 F. Supp. 2d 181 (E.D.N.Y. 1998) ............................................................... 13

*Malena v. Victoria's Secret Direct,*
    886 F. Supp. 2d 349 (S.D.N.Y. 2012) ............................................................. 12

*Mandarin Trading Ltd. v. Wildenstein,*
    16 N.Y.3d 173 (2011) ....................................................................................... 17

*Mi-Kyung Cho v. Young Bin Café,*
    42 F. Supp. 3d 495 (S.D.N.Y. 2013) ............................................................... 11

*Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corporation,*
    418 F.3d 168 (2d Cir. 2005) ........................................................................ 16, 17

*Mihalik v. Credit Agricole Cheuvreux North America, Inc.,*
    715 F.3d 102 (2d Cir. 2013) .............................................................................. 9

*Moccio v. Cornell University,*
    889 F. Supp. 2d 539 (S.D.N.Y. 2012), *aff'd*, 526 Fed. App'x 124 (2d Cir. 2013) ................. 8

*Murphy v. American Home Products Corporation,*
    448 N.E.2d 86 (N.Y. 1983) ............................................................................... 20

*Nakahata v. New York-Presbyterian Healthcare System, Inc.,*
    723 F.3d 192 (2d Cir. 2013) ............................................................................. 22

*Non-Linear Trding Co. v. Braddis Assocs. Inc.,*
    675 N.Y.S.2d 5 (N.Y. App. Div. 1998) ........................................................... 24

*Pilgrim v. McGraw-Hill Companies, Inc.,*
    599 F. Supp. 2d 462 (S.D.N.Y. 2009) ............................................................. 10

*Roistacher v. Bondi,*
    No. 11 Civ. 8200 (KBF), 2013 WL 123735 (S.D.N.Y. Jan. 10, 2013) ............ 16

5186387.1

*Ruane-Wilkens v. Board of Educ. of City of N.Y.*,
    868 N.Y.S.2d 112 (N.Y. App. Div. 2008) .......................................................................... 10

*San Juan v. Leach*,
    717 N.Y.S.2d 334 (N.Y. App. Div. 2000) ............................................................................ 9

*Schmidt v. McKay*,
    555 F.2d 30 (2d Cir. 1977) ................................................................................................. 18

*Streit v. Bushnell*,
    424 F. Supp. 2d 633 (S.D.N.Y. 2006) ................................................................................ 15

*Stylianou v. St. Luke's/Roosevelt Hospital Center*,
    902 F. Supp. 54 (S.D.N.Y. 1995) ...................................................................................... 20

*Suthers v. Amgen Inc.*,
    441 F. Supp. 2d 478 (S.D.N.Y. 2006) ........................................................................... 7, 19

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002) ............................................................................................................. 8

*Tasini v. AOL, Inc.*,
    851 F. Supp. 2d 734 (S.D.N.Y. 2012), *aff'd,* 505 Fed. App'x 45 (2d Cir. 2012) .................. 18

*Toll v. Tannenbaum*,
    982 F. Supp. 2d 541 (E.D. Pa. 2013), *aff'd,* 596 Fed. App'x 108 (3d Cir. 2014) ................. 18

*Van Brunt v. Rauschenberg*,
    799 F. Supp. 1467 (S.D.N.Y. 1992) ................................................................................... 19

*Villacorta v. Saks Inc.*,
    932 N.Y.S.2d 764 (N.Y. Sup. Ct. May 6, 2011) ................................................................. 23

*Williams v. New York City Housing Authority*,
    872 N.Y.S.2d 27 (N.Y. App. Div. 2009) .............................................................................. 9

*Winston v. Verizon Services Corp.*,
    633 F. Supp. 2d 42 (S.D.N.Y. 2009) ................................................................................... 8

## STATUTES AND OTHER AUTHORITIES

29 C.F.R. § 790.21(b) ........................................................................................................ 22

29 U.S.C. § 255(a) ............................................................................................................. 22

Josh Saul, *'You can't just escape': 'Sex slave' assistant sues helicopter boss*,
    N.Y. Post (Aug. 12, 2015, 2:30 AM), http://nypost.com/2015/08/12/gun-toting-helicopter-boss-
    forced-assistant-to-be-his-sex-slave-suit/ ........................................................................... 2

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 1

New York City Human Rights Law, N.Y. City Administrative Code § 8-107, *et seq.* ......... *passim*

New York State Human Rights Law, Executive Law § 296*, et seq.* ..................................... *passim*

N.Y. C.P.L.R. § 213 (McKinney 2014) ............................................................................. *passim*

N.Y. C.P.L.R. § 215 (McKinney 2014) .................................................................... 14, 20

N.Y. Labor Law § 663(3) (McKinney 2015) ................................................................ 22

New York City Victims of Gender Motivated Violence Protection Act,
N.Y. City Administrative Code § 8-903.. ..................................................................... 21

New York City Victims of Gender Motivated Violence Protection Act,
N.Y. City Administrative Code § 8-904 ....................................................................... 21

5186387.1

Defendants Itai Shoshani, Zip Aviation, LLC ("Zip"), and Manhattan Helicopters LLC ("MH") (together, "Defendants") respectfully submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Second Amended Complaint filed by Plaintiff Katharina Roelcke.

## PRELIMINARY STATEMENT

Plaintiff Katharina Roelcke and Defendant Itai Shoshani engaged in a consensual romantic relationship for approximately seven years, from December 2007 to December 2014. Mr. Shoshani is the president and principal owner of Zip and the principal owner of MH—companies that provide helicopter tours of New York City and chartered trips to the surrounding environs from a heliport on Pier Six in the East River. Mr. Shoshani met the Plaintiff (a Canadian citizen) when she visited New York City in 2007.

Mr. Shoshani ended their relationship in late 2014, when it became apparent to him that Plaintiff was growing increasingly unstable. Proving that what's past is prologue, Plaintiff responded to Mr. Shoshani's decision to end their relationship by filing two baseless complaints against him with the Federal Aviation Administration; initiating two meritless civil actions against him in New York State court; and (in her latest salvo) suing Mr. Shoshani in this Court.[1]

The Second Amended Complaint is baseless, and it must be dismissed in its entirety. It is a dishonest attempt to shake down and embarrass Mr. Shoshani, a successful local businessman with an unblemished reputation and record, by foisting fictional and salacious allegations against him into the public sphere. To that end, Plaintiff and her counsel discussed the false allegations

---

[1] Plaintiff's complaints to the FAA were separately investigated and found by the agency to be not credible. Both of the investigations are now closed. Plaintiff's first New York action sought an order of protection based upon false allegations about Mr. Shoshani. Mr. Shoshani cooperated with that action and voluntarily surrendered weapons that he carries for security purposes in connection with his business. That action was dismissed and Mr. Shoshani's weapons were returned. Plaintiff's other New York action is pending in Small Claims Court and seeks the return of items Plaintiff left in Mr. Shoshani's apartment. Plaintiff initiated that action even though Mr. Shoshani offered in writing to return the items at issue.

in her original Complaint with reporters from the *New York Post* nearly two weeks before service was even attempted upon Defendants.[2]

Plaintiff's story is neither credible nor plausible. Plaintiff asks this Court to believe that in 2007 she was retained to work at Zip pursuant to an oral contract for an annual salary of $150,000, but that she was *never* paid a dime by Zip under the alleged contract or otherwise. *See* 2d Am. Compl. ¶¶ 22, 200. Yet Plaintiff claims she continued to work at Zip, uncompensated, for *seven years*, presumably waiting all the while for the wages she was promised. If that were not unbelievable enough, Plaintiff also claims that beginning in 2007 and continuing until the end of 2014, she was raped by Mr. Shoshani "regularly." *Id.* ¶ 239; *see also id.* ¶ 43 ("every morning" around December 2007); ¶ 71 ("on a regular basis" in 2008); ¶ 94 ("would take place often" in early 2009); ¶ 111 (Defendant began to force anal sex in 2009); ¶ 124 (Defendant "continued to force anal sex" in 2010); ¶ 179 (Defendant "regularly sodomize(d)" Plaintiff around November 2012); ¶ 223 (Defendant "would rape her regularly" in 2014). In an insult to actual victims of sexual abuse and human trafficking, Plaintiff claims she was turned into a "sex slave." Yet Plaintiff was free to come and go as she pleased, frequently traveling to her home in Canada or to Florida, and even Europe, during her relationship with Mr. Shoshani. *See id.* ¶¶ 47, 120, 134, 157 .

Notwithstanding these allegations, no contemporaneous complaints or reports of any kind were ever filed by Plaintiff; none of Plaintiff's alleged co-workers at Zip ever approached the authorities about Mr. Shoshani's purported treatment of Plaintiff; and most tellingly, no Zip employee has ever raised any allegations of misconduct against Mr. Shoshani. In reality, Plaintiff was never an employee of Zip and has no skills relevant to the helicopter business; she was

---

[2] *See* Josh Saul, *'You can't just escape': 'Sex slave' assistant sues helicopter boss*, N.Y. Post (Aug. 12, 2015, 2:30 AM), http://nypost.com/2015/08/12/gun-toting-helicopter-boss-forced-assistant-to-be-his-sex-slave-suit/.

simply Mr. Shoshani's live-in girlfriend.

Plaintiff offers her incredible story as the basis for her Second Amended Complaint. Despite having the benefit of two prior motions to dismiss by Defendants (Dkt. Nos. 14, 23), which put Plaintiff on notice of the many deficiencies in her previous pleadings, Plaintiff has failed to perfect her claims. The Second Amended Complaint suffers from the same infirmities as Plaintiff's prior two Complaints; *i.e.*, (i) Plaintiff's claims fall outside the relevant statutes of limitations; and (ii) Plaintiff has failed to adequately allege her claims. In this, her third bite at the apple, Plaintiff has supplemented the vague and conclusory allegations she previously presented to this Court with more salacious, implausible, and irrelevant accusations apparently drafted for the benefit of the New York tabloids. Taken together, Plaintiffs' allegations "[do] not survive the Supreme Court's 'plausibility standard' as most recently clarified in *Ashcroft v. Iqbal*," pursuant to which "a court assumes the veracity only of 'well-pleaded factual allegations.'" *Argeropoulus v. Exide Technologies*, No. 08-CV-3760 (JS), 2009 WL 2132443, at *6 (E.D.N.Y. July 8, 2009) (quoting *Iqbal*). The Second Amended Complaint must be dismissed in its entirety.

## FACTUAL BACKGROUND

Defendants categorically deny Plaintiff's allegations. These facts are drawn from the allegations of the Second Amended Complaint, which are accepted as true for purposes of this motion.

### Plaintiff's Alleged Employment With Zip And MH

In October 2007, Plaintiff and Mr. Shoshani met to discuss Plaintiff's potential employment with Zip. *See* 2d Am. Compl. ¶ 20.  The parties allegedly entered into an oral contract containing the following terms: Plaintiff would serve as "Chief and/or Vice President of

Operations" for Zip in exchange for $150,000 per year and assistance in obtaining United States citizenship. *Id.* ¶¶ 22-23.[3] The alleged contract was never reduced to writing. The day after the parties entered into the contract, Plaintiff allegedly began working for Zip. *Id.* ¶ 24. As part of her employment, Plaintiff alleges that she hired staff, managed the payroll, created promotional brochures, managed a call center, made schedules for pilots and other staff, redesigned the company website, and designed a computer program to improve customer service and track incoming tours. *Id.* ¶¶ 37, 76, 78, 81, 104. Plaintiff was never compensated for her work. *Id.* ¶¶ 45, 49, 65, 82, 105, 143, 200. Accordingly, the alleged contract was breached, at the latest, in October 2008—*six years and nine months before the Complaint was filed*. Nevertheless, Plaintiff alleges that she continued to work for Zip—twelve hours a day, seven days a week—until she was constructively terminated in December 2014. *Id.* ¶ 107, 245.

Plaintiff also alleges that in May 2013, after working for Zip for nearly six years without being paid a dime, she entered into a one-year consulting agreement with MH (another helicopter carrier and tour company owned by Mr. Shoshani) to perform services for $650 per day. *Id.* ¶ 187. Plaintiff alleges that she was responsible for hiring pilots, creating a maintenance schedule, setting up new offices and call centers, and generating publicity campaigns for MH. *Id.* ¶ 190. Here again, Plaintiff alleges that she performed under this separate contract with MH but was never compensated. *Id.* ¶ 192.

Plaintiff was "constructively terminated" from her alleged positions with Zip and MH in December 2014. *Id.* ¶ 245. This date is several months after Plaintiff's alleged one-year consulting agreement with MH had expired.

Plaintiff alleges that she believed that Mr. Shoshani would eventually compensate her for

---

[3] Plaintiff also alleges that in January 2008 she was promised "shares of stock/ownership in Zip" in exchange for declining another job offer. *See* 2d Am. Compl. ¶ 53. This alleged "promise" was made and breached over seven years before the Complaint was filed. *See id.*

her work because, *inter alia*, he paid certain of her medical bills, provided her with lodging, provided her with a car, and provided her with some unspecified amount of cash for her personal use. *Id.* ¶¶ 51, 54, 74, 101. In addition, Mr. Shoshani allegedly made repeated promises that he would pay Plaintiff, *see, e.g., id.* ¶¶ 65, 99, 109, 138, 201, which Plaintiff apparently believed because she suffered from "battered woman's syndrome." *Id.* ¶ 144.

## Plaintiff's Personal Relationship With Mr. Shoshani

Plaintiff's relationship with Mr. Shoshani became sexual in December 2007, soon after they first met. *Id.* ¶ 34. Plaintiff alleges that after attending a social club with Mr. Shoshani, he "forced [her] to have sex with him." *Id.* Plaintiff "felt compelled to play along" with Mr. Shoshani's sexual advances "for fear that [he] would terminate her employment and refuse to obtain her legal citizenship." *Id.* Shortly after Plaintiff was allegedly raped for the first time, she went to Canada for the holidays. *Id.* ¶ 47. She voluntarily returned to New York City on December 31, 2007 to spend New Year's Eve with Mr. Shoshani. *Id.* ¶ 48. Plaintiff alleges that Mr. Shoshani raped her again that night. *Id.* Plaintiff alleges three additional specific instances of rape: (1) in 2009, upon Mr. Shoshani's return from a trip to Israel, *id.* ¶ 93; (2) in August 2011, at a hotel near White Plains, *id.* ¶ 162; and (3) in December 2013, at the apartment they shared at that time, *id.* ¶ 203. All of the foregoing alleged incidents are outside the applicable statute of limitations period except for the incidents that allegedly occurred in August 2011 and December 2013. More generally, Plaintiff states that Mr. Shoshani raped her "regularly" until the end of 2014. *Id.* ¶ 239; *see also id.* ¶¶ 43, 71, 94, 111, 124, 179, 223. These allegations cannot survive the Supreme Court's "plausibility standard" set forth in *Iqbal*, pursuant to which "a court assumes the veracity only of 'well-pleaded factual allegations.'" *Argeropoulus*, 2009 WL 2132443, at *6 (quoting *Iqbal*).

5

Plaintiff also alleges that Mr. Shoshani was verbally and physically abusive on occasion. *Id.* ¶¶ 85, 114, 119, 126, 147, 169, 202, 212. While she describes several attempts to "escape" from Mr. Shoshani's alleged abuse, *id.* ¶¶ 134, 163, 165, 170, 174, Plaintiff also states that she went home to Canada in December 2009 and took a trip to Europe with her children at some point after July 2011. *Id.* ¶¶ 120, 157. In both instances, Plaintiff voluntarily returned to New York, despite the fact that she allegedly became suicidal as early as 2009. *Id.* ¶ 123, 116, 218.

## Allegations Added To The Second Amended Complaint

The bulk of the new allegations added to the third iteration of Plaintiff's Complaint are outlandish statements which are unified only in their implausibility. All of these allegations, like the ones described above, are false, and are seemingly directed more to the press than this Court. The following is a non-exhaustive list of some of Plaintiff's sensationalist allegations:

- Mr. Shoshani used tracking devices on Plaintiff's phone and car to monitor her. *Id.* ¶¶ 73, 79, 146, 210.

- In August 2008, Mr. Shoshani "barked at Plaintiff, 'If you ever go against my wishes again and send out another empty helicopter, I WILL FUCK YOU UP." *Id.* ¶¶ 84-85 (emphasis in original).

- Plaintiff was forced to sleep on an air mattress in her apartment. *Id.* ¶ 102.

- In September 2010, Plaintiff had an ectopic pregnancy. *Id.* ¶ 140.

- Plaintiff "was compelled to tell [Mr. Shoshani] that she loved him in order to not be thrown into the street." *Id.* ¶ 144.

- In July 2011, Mr. Shoshani called in a favor with the police when they attempted to confiscate the guns in his home. *Id.* ¶¶ 151-153.

- In November 2011, Mr. Shoshani ripped the license plates off of Plaintiff's car while she was staying in a hotel in Greenwich, Connecticut. *Id.* ¶ 165.

- In February 2012, Mr. Shoshani grabbed Plaintiff's throat while she was in the shower because Plaintiff had mistakenly opened a package containing Mr. Shoshani's Viagra. *Id.* ¶ 169.

6

- In September 2012, Mr. Shoshani blackmailed Plaintiff with sexually explicit photos and videos that he threatened to make public. *Id.* ¶¶ 175-76.

- In February 2015, Mr. Shoshani showed up at a restaurant in Greenwich where Plaintiff was eating, sat directly behind her, and "lifted his coat to show Plaintiff that he was carrying a gun." *Id.* ¶¶ 231-32.

Plaintiff commenced this action on August 10, 2015.

## <u>ARGUMENT</u>

## I.   <u>THE LEGAL STANDARD GOVERNING THIS MOTION TO DISMISS.</u>

To survive a motion to dismiss under Rule 12(b)(6), the complaint must set forth the grounds of Plaintiff's entitlement to relief using more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Therefore, a complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* And the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations omitted). Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]— that the pleader is entitled to relief." *Id.* (internal quotations omitted). In such circumstances it is appropriate to dismiss a complaint pursuant to Rule 12(b)(6).  *Suthers v. Amgen Inc.*, 441 F. Supp. 2d 478, 480 (S.D.N.Y. 2006) (granting motion to dismiss). To survive a motion to dismiss, a complaint must at least give a prospective defendant fair notice of the basis of the claims and the dates upon

7

which the alleged misconduct occurred. *See, e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

## II.   PLAINTIFF FAILS TO STATE A CLAIM UNDER THE NYSHRL AND NYCHRL (CLAIMS I – VIII).

Plaintiff raises eight separate claims (Claims I – VIII) for employment discrimination, aiding and abetting employment discrimination, and retaliation under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). All of these claims suffer from fatal pleading deficiencies and must be dismissed.

### A.   Plaintiff Fails To State A Claim For Gender-Based Discrimination Under The NYSHRL Or The NYCHRL (Claims I, IV, and VIII).

Plaintiff asserts claims against all Defendants alleging that she was subject to discrimination as a result of her gender in violation of the NYSHRL and NYCHRL. These claims suffer from several fatal pleading deficiencies and must be dismissed.

To state a claim for gender discrimination in employment under the NYSHRL and the NYCHRL, a plaintiff must allege "(1) membership in a protected class, (2) qualification for the position, and (3) an adverse employment action arising under circumstances that (4) raise an inference of discrimination." *Winston v. Verizon Servs. Corp.*, 633 F. Supp. 2d 42, 49 (S.D.N.Y. 2009); *see Moccio v. Cornell Univ.*, 889 F. Supp. 2d 539, 581-82 (S.D.N.Y. 2012), *aff'd*, 526 F. App'x 124 (2d Cir. 2013) (while NYCHRL is more liberally construed than NYSHRL, the same general legal framework governs both statutes). Even if the Court were to accept that Plaintiff was actually employed by Zip and/or MH, was qualified for her positions at the companies, and was "constructively terminated" because she received no compensation, Plaintiff fails to plead the fourth required element of her claims; *i.e.*, she has not in any way linked her alleged treatment by Defendants to her gender. The only reasonable inference that can be drawn from

5186387.1

Plaintiff's allegations is that she may have been treated differently from other employees because of her sexual relationship with Mr. Shoshani. Plaintiff does not allege that any other female employees at Zip or MH were treated like she was, or that male employees at Zip or MH were treated differently based on their gender.  Plaintiff therefore fails to plead that the circumstances of the adverse employment actions allegedly taken against her "raise an inference of discrimination." Even under the more liberal NYCHRL, Plaintiff must plead facts sufficient to indicate "that she has been treated less well at least in part '*because of* her gender.'"  *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (citation omitted) (original emphasis).  Plaintiff's conclusory statement that Mr. Shoshani possessed a discriminatory motive is insufficient for her claim to survive a motion to dismiss.

The same is true to the extent that Plaintiff's discrimination claim is based on a hostile work environment theory. To state such a claim under the NYSHRL, Plaintiff must establish that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310 (2004) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citations and internal quotation marks omitted)). The behavior must be "such that a reasonable person would find [it] hostile or abusive, and such that the plaintiff herself, did, in fact, perceive it to be so." *San Juan v. Leach*, 717 N.Y.S.2d 334, 336 (N.Y. App. Div. 2000). The NYCHRL is similar to the NYSHRL, except that a plaintiff need not allege that the conditions are "severe and pervasive." Instead, a plaintiff must demonstrate that she "has been treated less well than other employees *because of her gender*." *Williams v. New York City Hous. Auth.*, 872 N.Y.S.2d 27, 39 (N.Y. App. Div. 2009) (emphasis added).

Here again, Plaintiff fails to allege facts creating an inference of gender-based discrimination. Moreover, the plausibility of Plaintiff's claim is belied by the fact that she allegedly chose to continue working for Mr. Shoshani for *years* without compensation. The fact that Plaintiff allegedly entered into *another* employment relationship with Mr. Shoshani in 2013 by signing on as a consultant for MH further demonstrates that she did not view the environment at Zip to be "hostile or abusive." [4]

### B.   Plaintiff's Retaliation Claims Do Not Satisfy Notice Pleading Requirements (Claims III and V).

Plaintiff asserts retaliation claims against all Defendants under the NYSHRL and NYCHRL. Here again, her claims are fatally flawed. To state a claim for retaliation under the NYCHRL, a plaintiff must allege that "(1) [s]he engaged in a protected activity; (2) [her] employer was aware of that activity; (3) [s]he suffered an action that would be reasonably likely to deter a person from engaging in a protected activity; and (4) that there was a causal connection between the protected activity and the action." *Pilgrim v. McGraw–Hill Companies, Inc.,* 599 F. Supp. 2d 462, 469 (S.D.N.Y. 2009). The elements of a retaliation claim under the NYSHRL are similar but more stringent in that they require that "the employer took an adverse employment action," *Ruane-Wilkens v. Board of Educ. of City of N.Y.*, 868 N.Y.S.2d 112, 113 (N.Y. App. Div. 2008), rather than merely "an action that would be reasonably likely to deter a person from engaging in a protected activity." *Pilgrim*, 599 F. Supp. 2d at 469.

Plaintiff's claims must fail because she does not allege that she engaged in a protected

---

[4] Plaintiff brings her eighth cause of action against Zip and MH under N.Y.C. Admin. Code § 8-107(13), which provides that an employer is strictly liable for the unlawful discriminatory practices of an employee with managerial or supervisory responsibility. As a result, if this Court dismisses Plaintiff's claims of unlawful discrimination against Mr. Shoshani—as it should—it should also dismiss Plaintiff's claim under § 8-107(13) against Zip and MH.

activity. Under the NYSHRL and NYCHRL, protected activity is defined as "conduct that opposes or complains about unlawful discrimination." *Mi-Kyung Cho v. Young Bin Café*, 42 F. Supp. 3d 495, 507 (S.D.N.Y. 2013) (internal quotation marks and alterations omitted). Expressing general grievances that "complain[ ] of conduct other than unlawful discrimination . . . is simply not a protected activity subject to a retaliation claim under the NYSHRL or NYCHRL." *Mi-Kyung Cho*, 42 F. Supp. 3d at 507 (internal quotation marks, citations, and alterations omitted) (employee's police report alleging assault and worker's compensation request did not constitute protected activity where there were no allegations of discriminatory practices).

In this case, Plaintiff alleges only that "[a]t one point" she "approached Defendant and told him she had gone beyond proving her loyalty to the company [Zip] and had not been given any monetary compensation," and at another time complained that Mr. Shoshani treated her like a 'slave' and a 'whore.'" 2d Am. Compl. ¶ 108.[5] To be sure, she also alleges that she "told Defendant that she was leaving because of his sexual harassment and discriminatory treatment and would not be returning." *Id.* But this threadbare recital of an element of Plaintiff's retaliation claim does not cure her pleading deficiency. *Brown*, 756 F.3d at 225. Plaintiff does not specify when she made this complaint, nor does she provide any detail regarding the substance of her complaint.

Setting aside her allegations with respect to Zip, Plaintiff does not even attempt to plead that she engaged in protected activity with respect to her employment at MH. Plaintiff does not allege that she made any complaints between May 2013 (the date she allegedly entered into the

---

[5] Plaintiff also alleges that she told another Zip employee, a man named Victor Robles, that "she was the only one not getting paid, and how Defendant Shoshani was abusing her both physically and emotionally." 2d Am. Compl. ¶ 117. The substance of this generalized grievance did not suggest that Mr. Shoshani had discriminated against her on the basis of her gender.

consulting agreement with MH) and May 2014 (the date the agreement was set to terminate). Accordingly, Plaintiff's retaliation claim as it relates to MH must be dismissed.

### C. Plaintiff Fails To State A Claim For Aiding And Abetting Under The NYSHRL Or The NYCHRL (Claims II and VI).

Plaintiff asserts claims against Mr. Shoshani for aiding and abetting violations of the NYSHRL and NYCHRL. However, it is axiomatic that "an individual cannot aid and abet his own alleged discriminatory conduct" under the statutes. *Krause v. Lancer & Loader Grp., LLC*, 965 N.Y.S.2d 312, 323 (N.Y. Sup. Ct. May 1, 2013); *see Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 367-68 (S.D.N.Y. 2012). Even if Mr. Shoshani discriminated or retaliated against Plaintiff—and he did not—Plaintiff's aiding and abetting claims must be dismissed.

The cases cited by Plaintiff in her Second Amended Complaint for the proposition that her claims are proper involved instances in which the discriminatory acts at issue were perpetrated by persons who were not "employers" within the meaning of the NYSHRL and NYCHRL, and therefore could not be held directly liable under the statutes. *See* 2d Am. Compl. ¶ 252. Here, in contrast, Plaintiff alleges that Mr. Shoshani was her employer under the relevant statutes because he had authority to make personnel decisions. *See White v. Pacifica Foundation*, 973 F. Supp. 2d 363, 375-76 (S.D.N.Y. 2013) (defining "employer" under statutes as having authority to make personnel decisions); 2d Am. Compl. ¶¶ 22, 188. Mr. Shoshani cannot be held liable under the aider and abettor provisions of the statutes for his own conduct.

### D. Plaintiff Fails To Allege Any Facts Relevant To Her Claim For Interference With Protected Rights (Claim VII).

Plaintiff alleges that all Defendants violated Section 8-107(19) of the NYCHRL. That provision provides that it is an "unlawful discriminatory practice for any person to coerce,

5186387.1

intimidate, threaten or interfere with . . . any person in the exercise or enjoyment of . . . any right granted or protected pursuant to this section."

The claim must be dismissed because Plaintiff fails to allege the elements of the claim. Plaintiff does not allege which right protected under § 8-107 she attempted to exercise, nor does she allege how any of the Defendants interfered with her exercise of that right. To the extent the Second Amended Complaint can be read to allege that Defendants interfered with Plaintiff's right to employment free from gender discrimination or her right to engage in protected activity, Plaintiff's claim fails for the same reason that her claims for retaliation fail under the NYSHRL and NYCHRL. *See supra* Section II.B.

## III. VIRTUALLY ALL OF PLAINTIFF'S ALLEGATIONS OF ASSAULT AND/OR BATTERY ARE UNTIMELY AND THERE IS NO CAUSE OF ACTION UNDER N.Y. C.P.L.R. § 213-C (CLAIMS IX AND XV).

Plaintiff raises a claim for assault and battery against Mr. Shoshani (Claim IX) and also purports to bring a claim under Section 213-C of the CPLR (Claim XV) against unspecified Defendants for "civil action for conduct constituting crimes under Penal Law § 130." These claims must be dismissed.

Assault is the act of "intentionally placing another in fear of imminent harm or offensive contact," while battery is "actually and intentionally making that wrongful physical contact without consent." *Dougherty v. Weinert*, 809 N.Y.S.2d 758, 759 (N.Y. App. Div. 2005). New York courts have held that "[c]auses of action for assault and battery accrue immediately upon the occurrence of the tortious act and thus, are not appropriate for the continuing violation exception." *Lettis v. U.S. Postal Service*, 39 F. Supp. 2d 181, 204 (E.D.N.Y. 1998); *see Galvin v. Francis*, No. 5594/00, 009, 2003 WL 21696740, at *2 (N.Y. Sup. Ct. Richmond Cnty. May 29, 2003). The statute of limitations for claims of assault and battery is one year from the relevant

5186387.1

act. *See* N.Y. C.P.L.R. § 215(3). Section 213-C of the CPLR extends the statute of limitations for battery to five years when the alleged battery is a sexual assault as defined in §§ 130.35, 130.50, 130.70, or 130.75 of the N.Y. Penal Law. However, Section 213-C does not create an independent cause of action. As a result, Plaintiff's purported claim under this provision (Claim XV) must be dismissed.

Plaintiff's claim for assault and battery also must be dismissed. As a threshold matter, virtually all of Plaintiff's allegations of assault and/or battery are time-barred. More specifically, all of Plaintiff's allegations of conduct constituting assault and/or battery occurring prior to August 10, 2014, are untimely. In addition, any alleged battery that could have been prosecuted as a sexual assault that occurred prior to August 10, 2010 also is untimely.

Plaintiff's Second Amended Complaint contains only two specific allegations of sexual assault occurring after August 10, 2010: (1) an alleged incident in August 2011, at a hotel near White Plains, *id.* ¶ 162; and (2) an alleged incident in December 2013, at an apartment Mr. Shoshani and Plaintiff shared at that time, *id.* ¶ 203. But these allegations, as well as her threadbare allegations of "regular" sexual assault over a seven year period, *see id.* ¶¶ 239, 43, 71, 94, 179, 223, must be dismissed because they are not "well-pleaded factual allegations" and they cannot survive the Supreme Court's "plausibility standard" set forth in *Iqbal*. *See Argeropoulus v. Exide Technologies*, 2009 WL 2132443, at *6 (quoting *Iqbal*). To survive a motion to dismiss, a Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Here, Plaintiff's claim must fail because the totality of her allegations are utterly implausible. Credence should not be given to such outlandish accusations; doing so is an affront to true victims of sexual abuse.

14

## IV.    PLAINTIFF'S BREACH OF CONTRACT CLAIM
## MUST BE DISMISSED (CLAIM X).

Plaintiff asserts a claim for breach of contract (Claim X) against all Defendants. The claim must be dismissed.

With respect to Mr. Shoshani, Plaintiff does not allege she ever entered into an employment agreement with him in his personal capacity. The Second Amended Complaint does not state a claim for breach of contract as against him. *See DBT GmbH v. J.L. Mining Co.*, 544 F. Supp. 2d 364, 375 (S.D.N.Y. 2008) (to establish claim for breach of contract under New York law, plaintiff must show the existence of an agreement).

Plaintiff's breach of contract claim against Zip and Mr. Shoshani also is time barred. The statute of limitations for a breach of contract claim under New York law is six years.  N.Y. C.P.L.R. § 213 (McKinney 2014). A claim accrues and the limitations period begins to run when the breach occurs. *See Streit v. Bushnell*, 424 F. Supp. 2d 633, 642 (S.D.N.Y. 2006). In other words, the statute of limitations is triggered when the party that is allegedly owed money has the right to demand payment, not when the party actually makes the demand. *Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co.*, 18 N.Y.3d 765, 770 (2012).

Here, Plaintiff alleges that she began working for Zip in October 2007. *See* 2d Am. Compl. ¶ 20, 24. Under her theory, any alleged breach occurred in the first weeks after her employment purportedly began, at the time she was not paid the purported salary she was owed. In any event, any alleged breach could not have occurred later than October 2008—at the conclusion of the first one-year term of the alleged contract, and well over six years before the Complaint was filed.

Plaintiff's breach of contract claim against MH also must be dismissed because Plaintiff does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550

5186387.1

U.S. at 570. Plaintiff asks this Court to believe that in May 2013, she *voluntarily* entered into a second employment agreement with Mr. Shoshani. 2d Am. Compl. ¶ 188. Accepting all of Plaintiff's previous allegations as true, this allegation defies belief. It is simply implausible that after having worked for six years without compensation, all while being raped and physically assaulted on a regular basis, Plaintiff voluntarily entered into another employment agreement with her alleged abuser. The facts do not add up. Plaintiff's breach of contract claim is not "plausible on its face" and therefore must be dismissed. *Brown*, 756 F.3d at 225 (quoting *Twombly*, 550 U.S. at 570).

## V.   PLAINTIFF'S CLAIMS FOR QUANTUM MERUIT AND UNJUST ENRICHMENT MUST BE DISMISSED (CLAIMS XI AND XII).[6]

Plaintiff asserts claims for quantum meruit and unjust enrichment (Claims XI and XII) against all Defendants. The claims must be dismissed as time-barred as against Mr Shoshani and Zip. The statute of limitations for quasi-contract claims is six years, *see* N.Y.C.P.L.R. § 213(2), and begins to run when the plaintiff first becomes aware of the improprieties that give rise to the cause of action. *See Roistacher v. Bondi*, No. 11 Civ. 8200 (KBF), 2013 WL 123735, at *4 (S.D.N.Y. Jan. 10, 2013); *Elliot v Qwest Communications Corp.*, 808 N.Y.S.2d 443, 445 (N.Y. App. Div. 2006); *German v. Pope John Paul II*, 621 N.Y.S.2d 311, 312 (N.Y. App. Div. 1995). Here, Plaintiff first became aware that she was not being paid pursuant to the parties' alleged oral contract in October 2007—and certainly no later than October 2008. Her quasi-contract claims based on the parties' alleged agreement are therefore untimely.

The claims also must be dismissed as against all Defendants because they are improper. Under New York law, a plaintiff may not bring a quantum meruit or unjust enrichment claim

---

[6] In accordance with this Circuit's instruction, we address these causes of action together. *See Mid-Hudson Catskill Ministry v. Fine Host Corp.*, 418 F. 3d 168, 175 (2d Cir. 2005) (explaining that although unjust enrichment and quantum meruit have nominally different elements, courts in the Second Circuit analyze them as a single quasi-contract claim for restitution).

5186387.1

where an express agreement "clearly covers the dispute between the parties." *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005). Plaintiff's unjust enrichment and quantum meruit claims are based entirely on the same subject matter as her breach of contract claims. Because Plaintiff alleges that she had express employment agreements with Zip and MH, she cannot also assert claims for unjust enrichment and quantum meruit. *See id.*

Moreover, even if these claims were proper—and they are not—they must fail because Plaintiff does not adequately plead the claims. To state a claim for quantum meruit, a plaintiff must allege: (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services. *See Mid-Hudson Catskill Ministry v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005). Similarly, to state a claim for unjust enrichment, a plaintiff must allege that the other party was enriched, at plaintiff's expense, and that "it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011).

Here, Plaintiff fails to allege that she had a reasonable expectation of compensation. To the contrary, Plaintiff acknowledges that she was *never* paid by Defendants, even long after she purportedly began working for Zip. *See* 2d Am. Compl. ¶ 82 (noting that after summer 2008, "*[u]nbelievably*, Plaintiff was still not being paid or compensated for her employment with defendants[.]") (emphasis added). Because the statute of limitations for claims of quantum meruit and unjust enrichment is six years, *see* N.Y. C.P.L.R. 213-2, the only relevant conduct here occurred after August 2009. Where Plaintiff herself admits that by that date she thought it was "[u]nbelievabl[e]" she had not been paid by Zip, *see* 2d Am. Compl. ¶ 82, she cannot

5186387.1

simultaneously allege that she had a reasonable expectation she would be compensated by Zip at some later time. *See Tasini v. AOL, Inc.*, 851 F. Supp. 2d 734, 741 (S.D.N.Y. 2012) (no recovery for unjust enrichment where plaintiff could not have expected to be compensated); *Am.-European Art Associates, Inc. v. Trend Galleries, Inc.*, 641 N.Y.S.2d 835, 836 (N.Y. App. Div. 1996) (dismissing quantum meruit claim where plaintiffs failed to plead reasonable expectation of compensation).

The equities also weigh against Plaintiff. Quantum meruit and unjust enrichment are equitable remedies available only to those who did not put themselves in the position for which they now complain. *See Tasini*, 851 F. Supp. 2d at 741 (S.D.N.Y.), *aff'd*, 505 Fed. App'x 45 (2d Cir. 2012) (dismissing quantum meruit claim where "no one forced" plaintiff to give work away); *Toll v. Tannenbaum*, 982 F. Supp. 2d 541, 560 (E.D. Pa. 2013), *aff'd*, 596 Fed. App'x 108 (3d Cir. 2014) (interpreting New York law). Plaintiff asks the Court to accept that after working for a year under a contract without getting paid, she continued working for the same employer for ***several more years*** without receiving a dime, all the while maintaining the expectation that she would be compensated, and that she entered into a new contract for employment with the same employer six years later despite the fact that she still had not received a dime for her alleged work under the first contract.  These allegations are not plausible and should not be countenanced. *See Tasini*, 851 F. Supp. 2d at 741.

## VI.    PLAINTIFF'S CLAIM FOR PROMISSORY ESTOPPEL MUST BE DISMISSED (CLAIM XIII).

Plaintiff asserts a claim for promissory estoppel (Claim XIII) against all Defendants. The claim must be dismissed as time-barred as against Mr. Shoshani and Zip. Claims for promissory estoppel have a six year statute of limitations. *See Schmidt v. McKay*, 555 F.2d 30, 34-36 (2d Cir.1977); N.Y. C.P.L.R. § 213. The limitations period begins to run when the alleged promise is

18

broken. *See Kotler v. Charming Shoppes Inc.*, No. 11 CIV. 3296 SAS, 2012 WL 291512, at *2-3 (S.D.N.Y. Jan. 31, 2012). Here, Plaintiff's claim against Mr. Shoshani and Zip is based on promises allegedly made between late 2007 and early 2008 and broken shortly thereafter. *See* 2d Am. Compl. ¶¶ 22, 23, 53. This claim is stale and must be dismissed with prejudice.

The claim also must be dismissed as against all Defendants because it is improper for several reasons. Like claims for unjust enrichment and quantum meruit, a claim for promissory estoppel is disallowed where it is duplicative of a contract claim, unless the plaintiff alleges that the defendant had a duty independent from any arising out of the alleged contract. *Celle v. Barclays Bank P.L.C.*, 851 N.Y.S.2d 500, 501 (App. Div. 1st Dep't 2008). In addition, New York courts have specifically held that promissory estoppel is not a valid cause of action in the employment context. *See Van Brunt*, 799 F. Supp. at 1473; *Dalton v. Union Bank of Switzerland*, 520 N.Y.S.2d 764, 766 (N.Y. App. Div. 1987). Here, the alleged promises made by Defendants were all related to the terms of Plaintiff's employment, for which Plaintiff alleges there were express agreements. Against that factual backdrop, Plaintiff cannot plead a claim for promissory estoppel.

Even if the claim were proper—and it is not—it must be dismissed as against MH and Mr. Shoshani (to the extent any allegations against him are not time barred) because Plaintiff's allegations fall short of stating a claim. Promissory estoppel requires a (1) clear and unambiguous promise, (2) reasonable and foreseeable reliance by the plaintiff on that promise, and (3) an injury sustained in reliance on that promise. *Suthers*, 441 F. Supp. 2d at 486. Here, Plaintiff's claim as against MH (and by extension, Mr. Shoshani) is based on a promise allegedly made in May 2013. A claim for promissory estoppel based on this alleged promise fails because, based on the substance of Plaintiff's own allegations, it is not plausible that she *reasonably* relied

19

on a promise made by Mr. Shoshani regarding her employment in May 2013.

## VII. PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS TIME-BARRED AND DUPLICATIVE OF HER CLAIMS FOR ASSAULT AND BATTERY (CLAIM XIV).

Plaintiff asserts a claim for intentional infliction of emotional distress ("IIED") (Claim XIV) against unspecified Defendants. As a threshold matter, Plaintiff's claim for IIED is largely time-barred. The statute of limitations governing a claim for IIED is one year. *See* N.Y. C.P.L.R. § 215(3) (McKinney 2014). A claim for IIED is not subject to the continuing violation exception where, as here, there is no concrete and particularized factual allegation in the complaint that the last actionable act fell within the limitations period. *See Foley v. Mobil Chemical Co.*, 626 N.Y.S.2d 906 (N.Y. App. Div. 1995). As a result, Plaintiff's claim is time-barred insofar as it relates to conduct occurring prior to August 2014.

Plaintiff's claim for IIED must be dismissed for the separate and independent reason that it is duplicative of her tort claims for assault and battery. A person is liable for IIED if his "extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Stella Stylianou v. St. Luke's/Roosevelt Hosp. Center*, 902 F. Supp. 54, 57 (S.D.N.Y. 1995) (internal quotation marks omitted). The conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. American Home Prods. Corp.*, 448 N.E.2d 86, 90 (N.Y. 1983). Here, the only conduct alleged by Plaintiff which could possibly meet this standard is the same conduct central to Plaintiff's claims for assault and battery—*i.e.*, Mr. Shoshani's alleged sexual aggressions. However, it is axiomatic that a claim for IIED "should not be entertained 'where the conduct complained of *falls well within* the ambit of other traditional tort liability.'" *Sweeney v. Prisoners' Legal Servs. of N.Y*,

20

5186387.1

538 N.Y.S.2d 370, 374 (N.Y. App. Div. 1989) (quoting *Fischer v. Maloney*, 43 N.Y.2d 553, 558 (1978)); *see also Leonard v. Reinhart*, 799 N.Y.S.2d 118 (N.Y. App. Div. 2005) (IIED claim should have been dismissed as duplicative of claims for assault and battery).

## VIII.   PLAINTIFF FAILS TO STATE A CLAIM UNDER THE VICTIMS OF GENDER MOTIVATED VIOLENCE PROTECTION ACT (CLAIM XVI).

The Second Amended Complaint alleges that Mr. Shoshani violated the New York City Victims of Gender Motivated Violence Protection Act ("VGMVPA") (Claim XVI), a New York City statute that provides a private right of action to victims of "a crime of violence motivated by gender." New York City, N.Y., Code § 8-904. Plaintiff fails to plead the elements of this claim. Section 8-904 of the Administrative Code provides a cause of action to "any person claiming to be injured by an individual who commits a crime of violence motivated by gender as defined in section 8-903 of this chapter." N.Y City Admin. Code § 8-904. A "crime of violence motivated by gender" is defined as "a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender." N.Y. City Admin. Code § 8-903.

Plaintiff's Second Amended Complaint does not identify the alleged incidents which give rise to this claim; does not allege that any of the incidents recounted in the Complaint were "motivated by gender;" and does not allege that Mr. Shoshani ever acted with the requisite "animus based on the victim's gender." Instead, after vaguely describing and alleging sexual assault, Plaintiff merely parrots the statutory language of the VGMVPA and offers the conclusory statement that "Defendant's conduct constitutes crimes of 'violence motivated by gender' under [VGMVPA]." 2d Am. Compl. ¶¶ 325-28.

As the only two reported cases examining this aspect of the VGMVPA make clear, plaintiffs must specifically allege facts that indicate the incident was "motivated by gender" and

21

that the defendant acted with "animus based on the victim's gender" in order to make a valid claim under the law.[7] Plaintiff makes no attempt to demonstrate Mr. Shoshani acted with the requisite animus or that the alleged sexual assault was "motivated by gender." Merely alleging that a man sexually assaulted a woman is not enough to state a claim under this law.

## IX.   PLAINTIFF'S CLAIMS UNDER THE FLSA AND NEW YORK STATE MINIMUM WAGE LAWS ARE LARGELY TIME-BARRED AND FAIL TO STATE A CLAIM (CLAIMS XVII AND XVIII).

Plaintiff alleges that all Defendants violated the federal Fair Labor Standards Act ("FLSA") (Claim XVII) and the New York Wage and Hour Law (Claim XVIII) by failing to pay her a minimum wage. The claims are largely time-barred. The FLSA provides employees with a civil private right of action for unpaid minimum wages, subject to a two year statute of limitations for ordinary actions, or a three year statute of limitations in instances "arising out of a willful violation." 29 U.S.C. § 255(a). New York Labor Law ("NYLL") provides for a six year statute of limitations. N.Y. Labor Law § 663(3) (McKinney 2015).  "The cause of action for FLSA and NYLL claims accrues on the next regular payday following the work period when services are rendered." *Nakahata v. New York-Presbyt. Healthcare Sys., Inc.*, 723 F.3d 192, 198 (2d Cir. 2013); *see also* 29 C.F.R. § 790.21(b) (same). Plaintiff's FLSA claim is time-barred with respect to the period preceding August 11, 2012 and her NYLL claim is time-barred for the period preceding August 11, 2009.

---

[7] *See Cordero v. Epstein*, 869 N.Y.S.2d 725, 727 (N.Y. Sup. Ct. New York Cnty. Oct. 10, 2008) (allegations that defendant forced plaintiff to submit to sexual acts unwillingly were not sufficient "to support the required animus as [the complaint] contains no more than the conclusory allegation that the alleged crimes of violence were 'motivated by gender'"); *id.* at 731 (dismissing complaint that "fails to state any facts showing that [defendant's] alleged acts demonstrated any hostility based on gender."); *Adams v. Jenkins*, No. 115745/03, 2005 WL 6584554, at *1, *4 (N.Y. Sup. Ct. New York Cnty. April 22, 2005) (after the conclusion of long-term romantic relationship in which the plaintiff worked for and was allegedly physically and sexually abused by the defendant, an incident in which the defendant allegedly referred to the plaintiff as a "bitch" and made "calls to her cell phone in which he referred to her in a gender-demeaning manner," was insufficient to state a claim under VGMVPA, as "plaintiff [did] not…show that the alleged assault was motivated by gender bias.").

To the extent Plaintiff's allegations are timely, she fails to state a claim for wage theft or a minimum wage violation. The Second Amended Complaint contains only a wholly conclusory allegation that Defendants committed "wage theft," 2d Am. Compl. ¶ 343, without specifying what elements of the statute were violated. Plaintiff also fails to state a colorable minimum wage violation. Plaintiff asserts that she "worked an estimated twelve hours per day as there was no set schedule for her to abide by." *Id*. ¶ 107. If the Court were to accept this estimate and assume that Plaintiff worked seven days a week, 365 days a year, at an annual salary of $150,000, Plaintiff's hourly wage would have been well above New York's minimum wage of $7.15 and the federally mandated minimum wage of $7.25.[8] This demonstrates that Plaintiff's claims are not actually for violation of the minimum wage laws, but rather for breach of her alleged contract. To the extent that her claims are duplicative of her breach of contract claim, they must be dismissed. *See Villacorta v. Saks Inc.*, 32 Misc. 3d 1203(A), 932 N.Y.S.2d 764 (Sup. Ct. 2011) (dismissing NYLL claims where they sought "to recover the same purported unpaid salary" as her "action for breach of contract").

## X.      PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD (CLAIM XIX).

Plaintiff raises a claim for fraud and misrepresentation against all Defendants (Claim XIX). Plaintiff's fraud claim is based upon vague, conclusory allegations that cannot withstand a motion to dismiss.  To plead a claim of common law fraud under New York law, a plaintiff must allege "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it**,** justifiable reliance of the other party on the misrepresentation or material omission, and injury." *FNF Touring LLC v. Transform Am. Corp.*, 974 N.Y.S.2d 367, 368-69 (N.Y. App. Div. 2013). Federal Rule of Civil

---

[8] The same is true of Plaintiff's hourly wage under her alleged consulting agreement with MH, as she was to be paid $650 per day under the agreement. *See* 2d Am. Compl. ¶ 189.

23

Procedure 9(b) requires that claims of fraud be plead with particularity. *See Hunt v. Enzo Biochem, Inc.*, 530 F. Supp. 2d 580, 593 (S.D.N.Y. 2008) (internal quotation marks omitted).

Plaintiff has not come close to meeting this standard. Instead, Plaintiff recites the required elements of a fraud claim without providing any detail (*see* 2d Am. Compl. ¶¶ 348-353), and alleges in wholly conclusory fashion that "all of the [ ]statements" made by the Defendants that are recounted in the Second Amended Complaint "were false." *Id.* ¶ 349. Plaintiff does not identify the specific statements referenced, who made them, or specify the time or place where the statements were made.

Plaintiff's fraud claim also must be dismissed because it is duplicative of her breach of contract claim. The only possible reading of Plaintiff's fraud claim is that it is based upon Mr. Shoshani's alleged promises made in connection with her alleged employment contract with Zip.[9] *See* 2d Am. Compl. ¶ 22. Plaintiff cannot base a claim for fraud upon promises made under a contract. *Non-Linear Trading Co. v. Braddis Assocs., Inc.*, 675 N.Y.S.2d 5, 13 (N.Y. App. Div. 1998) ("[T]o recover damages for tort in a contract matter, it is necessary that the plaintiff plead and prove a breach of duty distinct from, or in addition to, the breach of contract.").[10]

---

[9] Promises allegedly made to Plaintiff in connection with her consulting agreement with MH cannot be the basis of her claim for fraud because the notion that she justifiably relied on any promises made by Mr. Shoshani in 2013 is implausible. *See FNF Touring LLC*, 974 N.Y.S.2d at 368-69.

[10] Plaintiff's fraud claim also is time barred. Plaintiff alleges that she began working for Zip in October 2007. 2d Am. Compl. ¶ 20. "A cause of action based upon fraud must be commenced within six years from the time of the fraud, or within two years from the time the fraud was discovered, or with reasonable diligence could have been discovered, whichever is longer." *Coleman v. Wells Fargo & Co.*, 4 N.Y.S.3d 93, 94 (N.Y. App. Div. 2015). Here the alleged fraud occurred in 2007, when Mr. Shoshani made his promise to Plaintiff. Under either the six year or two year limitations period, Plaintiff's claim is time-barred.

5186387.1

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice Plaintiff's Second Amended Complaint.

Dated: February 1, 2016
      New York, New York

Respectfully submitted,

/s/ Shawn P. Naunton
Shawn P. Naunton
Ramya Kasturi
ZUCKERMAN SPAEDER LLP
399 Park Avenue, 14th  Floor
New York, New York 10022
Tel: (212) 704-9600
snaunton@zuckerman.com
rkasturi@zuckerman.com

*Attorneys for Defendants*