UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | |
|---|---|
| KATHARINA ROELCKE, | Civil Case No.: 15-cv-6284-DAB |
| Plaintiff, | |
| -against- | *ORAL ARGUMENT REQUESTEDD* |
| ZIP AVIATION, LLC,<br>MANHATTAN HELICOPTERS, LLC, and<br>ITAI SHOSHANI, individually, | |
| Defendants. | |

----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

**DEREK SMITH LAW GROUP, PLLC**
**Zachary Holzberg**
**One Penn Plaza, Suite 4905**
**New York, New York 10119**
**(212) 587-0760**

## **TABLE OF CONTENTS**

RELEVANT PROCEDURAL AND FACTUAL BACKGROUND……………………………..1

ARGUMENT…………………………………………………………………………………...1

LEGAL STANDARD…………………………………………………………………………..1

DEFENDANTS FAIL TO STATE A CLAIM FOR ABUSE OF PROCESS……………………2

DEFENDANTS FAIL TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS…………………………………………………………………………..5

DEFENDANTS FAIL TO STATE A CLAIM FOR TORTIOUS INTERFERENCE……………6

DEFENDANTS FAIL TO STATE A CLAIM FOR CONVERSION……………………………8

CONCLUSION……………………………………………………………………………………9

Plaintiff/Counter Defendant Katharina Roelcke ("Roelcke" and/or "Plaintiff") submits this Memorandum of Law in support of her Motion to Dismiss the counterclaims asserted against her in the Answer filed by Defendants ZIP AVIATION, LLC ("Zip"), MANHATTAN HELICOPTERS, LLC ("MH"), and ITAI SHOSHANI ("Shoshani"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff has been subjected to enough torture – these counterclaims are baseless and retaliatory as they are abusive and harassing practices. Plaintiff filed her Second Amended Complaint on December 8, 2015. Defendants moved to dismiss, and in an Order dated March 26, 2018, the Court granted in part and denied in part Defendants' motion. On May 16, 2018, Defendants filed an Answer with four (4) counterclaims against Plaintiff. Plaintiff categorically denies Defendants' allegations. The facts contained within their counterclaims are accepted as true for purposes of this motion.

### ARGUMENT

I. **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), the Complaint must set forth the grounds of Plaintiff's entitlement to relief using more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Therefore, a complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. And the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]— that the pleader is entitled to relief." *Id*. (internal quotations omitted).

Although the Court must accept well-pleaded factual allegations as true on a Rule 12(b)(6) motion, "[c]onclusory allegation or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP,* 464 F. 3d 328, 337 (2d Cir. 2006); *see also Sweet v. Sheehan,* 235 F.3d 80, 83 (2d Cir. 2003). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Luna v. N. Babylon Teacher's Org.*, 11 F. Supp. 3d 396, 400 (E.D.N.Y. 2014). In such circumstances it is appropriate to dismiss a complaint pursuant to Rule 12(b)(6). *Suthers v. Amgen Inc.*, 441 F. Supp. 2d 478, 480 (S.D.N.Y. 2006) (granting motion to dismiss).

## II.  DEFENDANTS FAIL TO STATE A CLAIM FOR ABUSE OF PROCESS

Defendants raise a claim for abuse of process against Plaintiff (Count I). Defendants' abuse of process claim is based upon vague, conclusory allegations that cannot withstand a motion to dismiss.

Abuse of process has three essential elements: "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." *Khandalavala v. Artsindia.com, LLC*, 2014 NY Slip Op. 30939(U). More specifically, "the gist of the action for abuse of process lies in the improper use of process after it is issued." *Id.* Defendants alleged that plaintiff abused process when she instituted the herein action, when they obtained Orders of Protection against Defendant

Shoshani, and when she instituted an action to recover her personal property. However, "the institution of a civil action by summons and complaint is not legally considered process capable of being abused," and the other actions could only be the basis of a claim if "it actually was used in a manner inconsistent with the purpose for which it was designed." *Id.*

The starting point for this claim is *Hauser v. Bartow*, 273 N.Y. 370, 374, 7 N.E.2d 268 (1937), where the New York Court of Appeals wrote:

"It is not enough that the actor have an ulterior motive in using the process of the court. It must further appear that he did something in the use of the process outside of the purpose for which it was intended.... Every one has a right to use the machinery of the law, and bad motive does not defeat that right. There must be a further act done outside the use of process-a perversion of the process. If he uses the process of the court for its proper purpose, though there is malice in his heart, there is no abuse of the process." (Citation omitted).

"Many cases, in state and federal court, have applied this standard. See, e.g., *State cases: Williams v. Williams*, 298 N.Y.S.2d at 476-77 (allegation that suit was without basis and brought solely to ruin claimant's business reputation set forth cause of action for libel, but not for abuse of process: " **'The gist of the action for abuse of process lies in the improper use of process after it is issued.'** ... Process is a 'direction or demand that the person to whom it is directed shall perform or refrain from the doing of some prescribed act.' ... It follows that there must be an unlawful interference with one's person or property under color of process in order that action for abuse of process may lie." (Citations omitted). An omitted footnote reads: "Dean Prosser describes abuse of process as a 'form of extortion' and enumerates the types of writs which can create such a cause of action as follows ...: 'attachment, execution, garnishment, or sequestration proceedings, or arrest of the person, or criminal prosecution, or even such

infrequent cases as the use of a subpoena for the collection of a debt.' " (citation omitted))" *Chrysler Corp. v. Fedders Corp.*, 540 F. Supp. 706, 725 (S.D.N.Y. 1982). *See also Williams v. Williams, supra* (plaintiff failed to state a cause of action with allegations that **"action was totally without basis in fact and was begun solely for the purpose of ruining his business reputation by widespread publication of the complaint,"** 298 N.Y.S.2d at 476, for failure to allege interference with person or property); *Tender Trap, Inc. v. Town of Huntington*, 100 Misc.2d 108, 418 N.Y.S.2d 537, 541 (Sup.Ct., Suffolk Co. 1979) ("mere indirect injury to a person's business or his good name is not sufficient ... There was no arrest in this case, no closing down of the operation, or other interference with property, and consequently, the cause of action for abuse of process is dismissed."); *Ann-Margret v. High Soc'y. Magazine, Inc.*, 498 F.Supp. 401, 407-08 (S.D.N.Y.1980) (claims of damage to business reputation, loss of business, and expense of litigation "do not constitute the type of interference with person or property necessary to sustain an abuse of process claim"); *Kalso Systemet, Inc. v. Jacobs*, 474 F.Supp. 666, 670 (S.D.N.Y.1979) ("summons and complaint, which are all that have been filed and 'issued' herein, are not process capable of being abused"; even a vicious or vindictive motive will not make actionable the application of process to its intended use); *Rosemont Enterprises, Inc. v. Random House, Inc.*, 261 F.Supp. 691, 695 (S.D.N.Y.1966) ("no claim lies for the commencement of the action, notwithstanding it may have been maliciously or vindictively motivated"); *Miller v. Stern*, 262 App.Div. 5, 7-8, 27 N.Y.S.2d 374 (1st Dep't 1941) ("It has repeatedly been held that the mere institution of a civil action which has occasioned a party trouble, inconvenience and expense of defending, will not support an action for abuse of process.").

Defendants' have not come close to meeting this standard. Instead, Defendants recite the

required elements of an abuse of process claim without providing any detail (*see* Answer ¶ 51-54*),* and alleges in wholly conclusory fashion that Plaintiff "manipulated process to obtain a collateral objective." Defendants do not identify any improper use or 'form of extortion' as a result of the issuance of process. Consequently, the Court should grant Plaintiff's motion to dismiss the counterclaims asserted by Defendants on the ground that they fail to state a cause of action.

**III.   DEFENDANTS FAIL TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Defendants raise a claim for intentional infliction of emotional distress ("IIED") against Plaintiff (Count II). Defendants' IIED claim is based upon vague, conclusory allegations that cannot withstand a motion to dismiss.

"The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" *Brunache v. MV Transp., Inc.*, 151 A.D.3d 1011, 1014 (N.Y. App. Div. 2017) (*citing Klein v. Metropolitan Child Servs., Inc.,* 100 A.D.3d 708, 710).

With respect to claims for IIED, Defendants' allegations must satisfy the rule set out in Restatement of Torts, Second, which the Court adopted in *Fischer v. Maloney,* 43 N.Y.2d 553, 557, that: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress" (§ 46, subd. [1] ). Comment *d* to that section notes that: "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community". *Murphy v. Am. Home Prod. Corp.*, 58 N.Y.2d 293, 303, 448 N.E.2d 86, 90 (1983). The facts

alleged by Defendants regarding the valid legal actions by Plaintiff fall far short of this strict standard.

Moreover, "It suffices for present purposes to note that the conduct charged to defendants in the present case does not give rise to liability under this doctrine by any proper definition. It is only claimed that they commenced the defamation action deliberately to malign, harass and intimidate plaintiff, thereby intentionally to inflict great mental and emotional distress. Whatever may be alleged as to motivation, the institution of the defamation action in the circumstances disclosed in this record does not constitute conduct within the rule described by Dean Prosser and the Restatement." *Fischer v. Maloney*, 43 N.Y.2d 553, 557 (1978).

Defendants' have not come close to meeting this standard. Instead, Defendants recite the required elements of an IIED claim without providing any detail (*see* Answer ¶ 56-59*),* and allege in wholly conclusory fashion that Plaintiff "intended to cause Mr. Shoshani emotional distress." Instituting a lawsuit is not a basis for a counterclaim of IIED. As mentioned above, these claims are entirely baseless and retaliatory. Consequently, the Court should grant Plaintiff's motion to dismiss the counterclaims asserted by Defendants on the ground that they fail to state a cause of action.

## IV.  DEFENDANTS FAIL TO STATE A CLAIM FOR TORTIOUS INTERFERENCE

Defendants raise a claim for tortious interference with business relations against Plaintiff (Count III). Defendants' tortious interference claim is based upon vague, conclusory allegations that cannot withstand a motion to dismiss.

A cause of action for tortious interference with prospective contractual relations requires that the plaintiff prove four elements: "(a) the plaintiff had business relations with a third party; (b) the defendant interfered with *those* business relations; (c) the defendant acted with the sole

purpose of harming the plaintiff or by using unlawful means; and (d) there was resulting injury to the business relationship." *Thome v. Alexander & Louisa Calder Found.,* 70 A.D.3d 88, 108, 890 N.Y.S.2d 16 (1st Dep't 2009) (*citing Carvel Corp. v. Noonan,* 3 N.Y.3d 182, 189–190, 785 N.Y.S.2d 359, 818 N.E.2d1100 (2004) (*emphasis added)*.

"As federal courts applying New York law have recognized, conduct constituting tortious interference with business relations is, by definition, conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship. (*see G.K.A. Beverage Corp. v. Honickman,* 55 F.3d 762, 768 [2d Cir.1995] [claim dismissed because alleged conduct was not directed at plaintiff's customers]; *Fonar Corp. v. Magnetic Resonance Plus, Inc.,* 957 F.Supp. 477, 482 [S.D.N.Y.1997] ["(U)nder New York law, in order for a party to make out a claim for tortious interference with prospective economic advantage, the defendant must ... direct some activities towards the third party ..."]; *Piccoli A/S v. Calvin Klein Jeanswear Co.,* 19 F Supp 2d 157, 167–168 [S.D.N.Y.1998] [claim must fail because "defendants' alleged conduct concededly was not directed towards any third party with whom Piccoli had an existing or prospective business relationship"].)" *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 192 (2004).

Defendants have not come close to meeting this standard. Instead, Defendants recite the required elements of tortious interference with business relations claim without providing any detail as to who the injured relationship is, and how Plaintiff **in any way** directed her conduct at that competitor (*see* Answer ¶ 61-64). The remaining allegations are wholly conclusory in fashion. Simply, Defendants cannot, and do not, allege that Plaintiff directed any activities to this unnamed third party. Consequently, the Court should grant Plaintiff's motion to dismiss the counterclaims asserted by Defendants on the ground that they fail to state a cause of action.

### V.     DEFENDANTS FAIL TO STATE A CLAIM FOR CONVERSION

Defendants raise a claim for conversion against Plaintiff (Count IV). Defendants' conversion claim is based upon vague, conclusory allegations that cannot withstand a motion to dismiss. Under New York Law, "[c]onversion occurs when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession." *LoPresti v. Terwilliger*, 126 F.3d 34, 41 (2d Cir. 1997) (internal quotation marks and citation omitted).

To plausibly allege a conversion claim, a plaintiff must show:"(1)the property subject to conversion is a ***specific identifiable thing***;(2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Benex LC v. First Data Merch. Servs. Corp.*, No. 14-CV-6393(JS)(AKT), 2016 WL 1069657, at *5 (E.D.N.Y. Mar. 16, 2016) (***emphasis added***) (citing *Moses v. Martin*, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004)).

Defendants have not come close to meeting this standard. Instead, Defendants recite (barely) the required elements of a conversion claim without providing any detail (*see* Answer ¶ 66-67)*,* and alleges in wholly conclusory fashion that Plaintiff "took tens of thousands of dollars…as well as various personal items." Defendants do not identify a specific amount, the nature of the personal items, or specify the time or place that the items were allegedly taken. Consequently, the Court should grant Plaintiff's motion to dismiss the counterclaims asserted by Defendants on the ground that they fail to state a cause of action.

VI.  **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss with prejudice Defendants' counterclaims.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief:

a) Defendants' counterclaims are dismissed with prejudice in their entirety;

b) Reasonable attorneys' fees and costs associated with responding to these claims; and

c) Such other and further relief as the Court deems just and proper.


Dated:    June 21, 2018
          New York, New York

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiff*


/s/Zachary Holzberg
Zachary Holzberg
One Penn Plaza, Suite 4905
New York, New York
T: (212) 587-0760
