UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHARINA ROELCKE,<br><br>                              Plaintiff,<br><br>-against-<br><br>ZIP AVIATION, LLC, MANHATTAN HELICOPTERS LLC, and ITAI SHOSHANI, individually,<br><br>                              Defendants. | Case No. 15-cv-06284-JGK<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION** |

**I.    PURPOSES AND LIMITATIONS**

In this action, discovery will likely involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties stipulated to and petition the Court to enter the following Stipulation and Order Regarding the Exchange and Protection of Confidential Information (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

**II.    DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

2.1    <u>Action</u>: shall mean the above captioned action, *Roelcke v. Zip Aviation, LLC, et al*, Civil Action No. 15-cv-06284 (S.D.N.Y) (JGK), and any appeals therefrom.

2.2     "CONFIDENTIAL" Material: shall mean information (regardless of how it is generated, stored, or maintained) or tangible things that (a) contain trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) contain private or confidential personal information; or (c) which the producing party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c).

2.3     Designating Party: shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.4     Disclosure or Discovery Material: shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.5     Expert: shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.6     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material: shall mean extremely sensitive information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.7     Non-Party: shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.8     Party: shall mean any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and counsel (and their support staffs).

2.9 Producing Party: shall mean a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.10 Professional Vendors: shall mean persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11 Protected Material: shall mean any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.12 Receiving Party: shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

## III. SCOPE

The protections conferred by this Order cover: (1) Protected Material; (2) any information quoted or akin to a quote of Protected Material; (3) all copies, excerpts, summaries, notes, abstracts, or compilations of Protected Material; (4) any testimony, conversations, or presentations that might reveal Protected Material; (5) any discovery responses, such as interrogatory answers or responses to requests for admission, containing Protected Material that are produced by a Party in response to or in connection with any discovery conducted in this Action.

## IV. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or the Court enters a contravening order. Final disposition shall be deemed to be the later of: (1)

dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V. DESIGNATING PROTECTED MATERIAL

5.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires the following:

(a) <u>For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings):</u>

The Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

(b) <u>For interrogatory answers and responses to requests for admission:</u>

The Designating Party will place a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In addition, the Designating Party will place the following legends on the front of any interrogatory answers and responses to requests for admission containing Protected Material: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;" and "DESIGNATED PARTS NOT TO BE USED, COPIED, OR DISCLOSED EXCEPT AS AUTHORIZED BY COURT ORDER."

(c) <u>For testimony given in deposition or in other pretrial or trial proceedings:</u>

The Designating Party must identify on the record before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are

appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.

Parties shall give notice to the other Parties if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those portions of the proceedings discussing those materials. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(d) <u>For information produced in some form other than documentary and for any other tangible items</u>:

The Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(e) <u>For documents and materials filed with the Court</u>:

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. Should a Party seek to file Protected Material, the filing party shall use its best efforts to notify the producing party before filing a motion to seal in accordance with the sealing procedures of the Southern District of New York and the Judge's and/or Magistrate Judge's Individual Rules of Practice. Where feasible, only those portions of such documents and materials containing or reflecting Protected Material shall be filed under seal. Designation under this Order alone is not a sufficient basis for the Court to grant a motion to seal, and the burden remains on the Designating Party to protect its interest in confidentiality. A Party's mere reference to Protected Material that does not reveal the substance of the Protected Material shall not require a submission under seal.

5.2 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate Protected Material or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the challenging Party may file a motion challenging a confidentiality designation, including a challenge to the designation of a deposition transcript or any portions thereof. Such

motion must be filed within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute.

Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging Party to sanctions. Unless the Designating Party has changed and/or waived the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Use Limited to this Litigation</u>. Documents or other materials produced by another Party or Non-Party in this case may only be used by the Receiving Party for prosecuting, defending, or attempting to settle this litigation, and shall not be used by the Receiving Party for any other purpose or in any other litigation. The Parties acknowledge that documents or other materials produced in this litigation shall be for use in this litigation only.

When the litigation reaches a final disposition, a Receiving Party must comply with the provisions of Section XIII below ("Final Disposition"). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's counsel of record in this Action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) officers, directors, and employees of the Designating Party.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the

Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's counsel of record in this Action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f) officers, directors, and employees of the Designating Party.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of the Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order was issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

IX. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10.1 <u>Inadvertent Unauthorized Disclosure of Protected Material.</u> If a person bound by this Order inadvertently discloses Protected Material to a person not authorized to receive that information, or if a person authorized to receive Protected Material inadvertently breaches any

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

obligation under this Order, that person shall immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The notice in writing to the Designating Party of the unauthorized disclosure shall include a full description of all facts that are pertinent to the unauthorized disclosure. Persons who violate the provisions of this Order shall be subject to sanctions as provided by statute, rule, or the inherent power of this Court.

10.2    <u>Intentional Unauthorized Disclosure of Protected Material.</u> The Parties recognize and agree that this Action is likely to involve disclosure of highly sensitive personal and business information. In recognition of that fact, the Parties covenant that they shall only use Protected Material for prosecuting, defending, or settling this Action. In no event shall Protected Information be used for any business, competitive, personal, private, public, retaliation, harassment, or other purposes whatsoever. Persons who intentionally violate the provisions of this Order shall be subject to sanctions as provided by statute, rule, or the inherent power of this Court, as well as independent litigation for damages, including punitive damages, arising from their intentional unauthorized disclosure of Protected Material.

## XI.   INADVERTENT PRODUCTION OR DISCLOSURE OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

This Order is entered pursuant to Federal Rule of Evidence 502(d) and (e). Inadvertent production of materials that the Producing Party later claims in good faith should not have been produced because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information"), will not by itself

constitute a waiver of any applicable privilege. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in this Order and in Federal Rule of Civil Procedure 26(b)(5)(B). Within a reasonable period of time after a Producing Party discovers (or upon receipt of notice from another Party) that it has produced Inadvertently Produced Privileged Information, the Producing Party shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the materials inadvertently produced and the basis for withholding such materials from production. If a Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party must immediately take all commercially reasonable steps to return or destroy the Inadvertently Produced Privileged Information (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Party's notification. Other than for an *in camera* review in connection with seeking a determination by the Court, the Receiving Party may not use or disclose any Inadvertently Produced Privileged Information until the dispute is resolved. The Parties will thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court regarding whether the privilege applies. The Producing Party must preserve the Inadvertently Produced Privileged Information and the Receiving Party may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved.

## XII. MISCELLANEOUS

12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

## XIII. FINAL DISPOSITION

Within sixty (60) days after the final disposition of this Action, as defined in Section IV, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies or materials quoting any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline stating that the Protected Material was returned or destroyed. Notwithstanding this provision, counsel for the Parties are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and attorney, consultant and expert work product including notes and correspondence, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section IV ("Duration").

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 31, 2020

**DEREK SMITH LAW GROUP, PLLC**  **ZUCKERMAN SPAEDER LLP**

By: /s/ *Zachary Holzberg*　　　　　　By: /s/ *Shawn P. Naunton*

Zachary Holzberg　　　　　　　　　　　Shawn P. Naunton
One Penn Plaza, Suite 4905　　　　　　Nell Z. Peyser
New York, NY 10119　　　　　　　　　485 Madison Avenue, 10th Floor
Tel: (212) 587-0760　　　　　　　　　　New York, NY 10022
　　　　　　　　　　　　　　　　　　　Tel: (212) 704-9600

*Counsel for Plaintiff*　　　　　　　　　*Counsel for Defendants*

---

**DONE** and **ORDERED** on _____March 31_____, 2020.

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend the Order at any time.

　　　　　　　　　　　　　　　　　　/s/ John G. Koeltl
　　　　　　　　　　　　　　　　　　JOHN G. KOELTL
　　　　　　　　　　　　　　　　　　United States District Judge

17

# **EXHIBIT A**

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print/type full name], of _____ [print/type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Order Regarding the Exchange and Protection of Confidential Information ("Order") that was issued by the United States District Court for the Southern District of New York in the case *Roelcke v. Zip Aviation, LLC, et al*, Civil Action No. 15-cv-06284 (S.D.N.Y) (JGK). I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions therein.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print/type full name] of _____ [print/type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                             [printed name]

Signature: _____
                     [signature]